| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>Matin Rajabov, Esq.   CA SBN: 265885<br>**Law Offices of Matin Rajabov**<br>5600 Wilshire Blvd., Suite 639<br>Los Angeles, CA 90036<br>213-835-1902 TEL<br>213-835-1999 FAX<br>bkfilings@hprlaw.com | FOR COURT USE ONLY<br><br>**FILED & ENTERED**<br><br>**MAR 17 2017**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY** bakchell   **DEPUTY CLERK**<br><br>**CHANGES MADE BY COURT** |
|---|---|
| ☐ *Individual appearing without attorney*<br>☒ *Attorney for* Andrey Yengoyan | |

**NOT FOR PUBLICATION**
**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA LOS ANGELES DIVISION**

| In re:<br><br>   **Andrey Yengoyan**<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>                                                                                              Debtor(s). | CASE NO.: **2:11-bk-40230-RK**<br>CHAPTER: **7**<br><br>**ORDER ☐ GRANTING ☒ DENYING**<br>**MOTION TO AVOID LIEN UNDER**<br>**11 U.S.C. § 522(f) (REAL PROPERTY)**<br><br>☐ No hearing held<br>☐ Hearing held<br>Date:<br>Time:<br>Courtroom:<br>Place: |
|---|---|

**Creditor Holding Lien to be Avoided** (name):   **CITIBANK SOUTH DAKOTA NA; UNIFUND CCR PARTNERS**

The Motion was: ☐ Opposed ☒ Unopposed ☐ Settled by stipulation

Pursuant to 11 U.S.C. § 522(f), Debtor moved to avoid a judicial lien on real property claimed to be exempt.  The court finds and orders as follows:

1. ☐ Notice of this Motion complied with LBR 9013-1(d).

2. ☐ Notice of this Motion complied with LBR 9013-1(o).  **No declaration re non-opposition was filed as required by Local Bankruptcy Rule 9013-1(o)(3)(A.**

   a. ☐ There was no opposition and request for hearing.
   b. ☐ Hearing requested and held as indicated in the caption.

3. The real property to which this order applies is as follows:

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2013*                                                   Page 1                      **F 4003-2.1.AVOID.LIEN.RP.ORDER**

a. Street address *(specify)*: **2462 E Mountain Street, #51, Pasadena, CA 91104**

b. Legal description *(specify)*: **APN: 5744-003-060**  ☐ See attached page

4. Recording information regarding lien to be avoided:
   a. Date of recordation of lien *(specify)*: **05/24/2011**
   b. Recorder's instrument number or map/book/page number *(specify)*: **20110723130**

5. ☐ Motion granted:
   a. ☐ The judicial lien sought to be avoided impairs an exemption to which Debtor would otherwise be entitled under 11 U.S.C. § 522(d)
   b. ☐ The judicial lien is hereby declared void and unenforceable:
      (1) ☐ In its entirety

      (2) ☐ In the following amount *only*: $_____. The balance of $_____ remains a valid and enforceable lien against the property.

6. ☒ Motion denied on the following grounds:    ☐ with prejudice    ☒ without prejudice
   a. ☐ Insufficient notice.
   b. ☐ Insufficient evidence of the exempt status of the property in question

   c. ☐ Failure to comply with FRBP 7004(b)(3) or FRBP 7004(h).

   d. ☒ Insufficient evidence of fair market value.  **The court does not give credence to valuation opinions of lay witnesses, such as Movant, unless there is a detailed explanation and analysis of how they arrived at their valuation of the subject property based on scientifically accepted valuation principles (i.e., sales comparable analysis) with supporting market data, not just their say-so.  Federal Rule of Evidence 701; *In re Meeks*, 349 B.R. 19, 22 (Bankr. E.D. Cal. 2006); 2 Russell, Bankruptcy Evidence Manual, Section 701.2 at 845 (2015-2016).  This court generally requires an appraisal by a licensed real property appraiser or a licensed real estate broker or agent in a declaration under penalty of perjury based on an appropriate sales comparable analysis to support a lien avoidance motion under 11 U.S.C. § 522(f).**

   e. ☐ Motion is incomplete.

   f. ☒ Other *(specify)*: **Movant has failed to submit admissible and credible evidence establishing the liens held by Bank of America on the subject property as well as admissible and credible evidence of the amounts of their liens.  The only evidence Movant submitted in support of the Bank of America liens is a property profile report from a non-witness third party, which is not admissible evidence of the liens against the property because it lacks foundation and is inadmissible hearsay testimony.  Fed. R. Evid. 601-603, 801-802; LBR 9013-1(i) (factual contentions involved in any motion must be presented, heard and determined upon declarations and other written evidence).**

   ///

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2013    Page 2    **F 4003-2.1.AVOID.LIEN.RP.ORDER**

7. ☒ The court further orders as follows (specify): **The court grants leave to Movant to file an amended motion to avoid lien which corrects these deficiencies within 60 days of entry of this order.**

☐ See Attached Page

###

Date: March 17, 2017

_____
Robert Kwan
United States Bankruptcy Judge

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2013*                    Page 3                    **F 4003-2.1.AVOID.LIEN.RP.ORDER**